```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
KYLE FLACK,                        :
                                   :
         Plaintiff,                :    Civ. No. 16-5502 (NLH)
                                   :
    v.                             :    OPINION
                                   :
CAMDEN COUNTY JAIL,                :
                                   :
         Defendant.                :
_____:

APPEARANCES:
Kyle Flack
3133 Saunders Street
Camden, NJ 08105
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Kyle Flack seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

    Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.

Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(a), the Court may authorize the commencement of a civil action without the prepayment of fees by a person who submits an affidavit that includes a statement of all assets such person possesses, which indicates that he or she is unable to pay the required fees.

In this action, Plaintiff fails to provide sufficient information in his in forma pauperis application for the Court to make a determination that he is entitled to proceed in forma pauperis. More specifically, Plaintiff does not provide information regarding his current income. The entire section of the form regarding Plaintiff's average monthly income during the past 12 months is blank. To the extent Plaintiff is presently unemployed, he must indicate as much. The Court will not infer an absence of current income from Plaintiff's failure to complete the form. Additionally, Plaintiff reports that he earned gross monthly pay in the amount of $3,200 from January 3, 2014 to May 24, 2014, (In Forma Pauperis App. 2, ECF No. 1-2); and he lists his total estimated monthly expenses in the amount of $480, (id. at 4). Using these figures, Plaintiff appears to have had a gross monthly income in excess of $2,500. Given that this is the only information provided in Plaintiff's in forma pauperis application and, thus, the only indication of what

2

Plaintiff's present income and expenses may be, this Court cannot conclude that he is entitled to proceed without prepayment of fees in this action.  Accordingly, Plaintiff's request to proceed in forma pauperis will be denied.  This denial is without prejudice to Plaintiff filing a request to reopen this case along with the entire $400 filing fee, or a complete application to proceed in forma pauperis.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to reopen within 30 days.  An appropriate Order will be entered.

```
                                    ___s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
                                    United States District Judge
```

Dated: September 14, 2016
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).